IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KOKOSING CONSTRUCTION COMPANY, INC.,
an Ohio corporation,

    Plaintiff,

v.                                         Civil Action No. 5:13CV129
                                                                            (STAMP)
CENTER POINT TERMINAL COMPANY, LLC,
a Delaware limited liability company,
CENTER POINT TERMINAL J&W, LLC,
a Delaware limited liability company,
and WEIRTON AREA PORT AUTHORITY, INC.,
a West Virginia corporation,

    Defendants.


**MEMORANDUM OPINION AND ORDER
DENYING CENTER POINT TERMINAL
J&W, LLC'S MOTION TO DISMISS,
DISMISSING PLAINTIFF'S SUBPARAGRAPH (A) AND (B)
IN ITS PRAYER FOR RELIEF IN THE AMENDED COMPLAINT
AND EXTENDING THE DEADLINE FOR THE FILING
OF A MOTION FOR A MORE DEFINITE STATEMENT**

I. Procedural History

This civil action was filed in this Court by the plaintiff, Kokosing Construction Company, Inc. ("Kokosing"). The plaintiff's complaint arises from a contract with the Weirton Area Port Authority, Inc. ("WAPA"). The amended complaint alleges that WAPA failed to pay the plaintiff for work completed on a piece of property in Weirton, West Virginia ("the Weirton property"). Further, the amended complaint asserts that the plaintiff has a mechanic's lien on the property that it can exercise against Center Point Terminal J&W, LLC ("J&W"). The plaintiff thus asserts three

claims in its amended complaint: (1) enforcement of a mechanic's lien, (2) breach of contract by WAPA, and (3) unjust enrichment of WAPA. Thus, the only count that relates to J&W is Count One, enforcement of a mechanic's lien.

Originally, the plaintiff had brought this action against two defendants, Go Green America Recycling, LLC ("Go Green") and Center Point Terminal, LLC ("Center Point"). Go Green and Center Point were the owners of the Weirton property at the time the work was completed by the plaintiff. However, the plaintiff then filed an amended complaint against three defendants, Center Point, J&W, and WAPA. Thus, Go Green was dismissed from the case. Thereafter, the parties filed a joint stipulation dismissing Center Point as a party and also stipulating that: (1) the current owner of the Weirton property is J&W and (2) Center Point was not a necessary party. Thus, the two remaining defendants in this action are J&W and WAPA. Subsequently, J&W filed the instant motion to dismiss. The motion is now fully briefed and ripe for review.[1]

## II. Facts

In its motion to dismiss, J&W argues that the plaintiff's amended complaint fails to meet the requirements of Iqbal and

---

[1] The Court notes that the plaintiff filed a supplemental submission of exhibits in opposition to the motion to dismiss on March 11, 2014. As that filing was untimely, this Court will not consider it.

2

Twombly.[2]  First, J&W contends that the plaintiff has failed to allege that there was a contract between the plaintiff and J&W, the owner of the Weirton property; or between WAPA, the holder of the contract, and J&W.  Based on West Virginia law, J&W asserts that the plaintiff had to show that the mechanic's lien was based on a contract between the contractor and the owner of the Weirton property; and because the plaintiff has not done so, this claim must fail.  Next, J&W argues that the plaintiff has failed to plead any facts to establish that an alleged mechanic's lien was perfected, let alone that it was perfected within the 100 days after the completion of the work which is required by West Virginia statute.

Third, J&W contends that because the plaintiff identifies WAPA as a "prime contractor," by implication, the plaintiff identified itself as a subcontractor of WAPA.  Because it was a subcontractor, the plaintiff was required under West Virginia law to provide notice of the alleged lien to the owner of the Weirton property, J&W.  The plaintiff has not alleged that it did, thus, the defendant asserts that this claim fails.  Finally, the defendant asserts that because there was no privity of contract between the plaintiff and J&W, the plaintiff cannot assert a mechanic's lien against J&W (if this Court were to find that there was a valid

---

[2]Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

mechanic's lien). Thus, a personal judgment against J&W cannot be sought.

In its response, the plaintiff first argues that it has not pleaded that it was a subcontractor and thus, the only notice that was required was the recording of a notice of lien. Thus, the lien was perfected because the plaintiff was a contractor. Further, the plaintiff asserts that it did not provide services or materials subject to the supervision or direction of another entity. The plaintiff contends that it has shown it was a contractor by providing the purchase order which identified Kokosing as a contractor (attached to the complaint), an allegation in the complaint that it delivered labor and materials and performed work, and the notices of lien identified the parcels at issue. Finally, the plaintiff acknowledges that "prime contractor" should have been placed in quotation marks in the amended complaint because WAPA was not a licensed contractor but was acting as a contracting agent for the port development project. Thus, the plaintiff was understood and retained as the prime contractor.

Next, as to the 100-day pleading requirement, the plaintiff asserts that the purchase order shows that the project ran through the end of December 2012 and the plaintiff recorded its notices of lien on March 15, 2013, less than 100 days after the contract expired. Third, the plaintiff asserts that West Virginia uses a substantial compliance standard to determine whether a mechanic's

lien has been effectively preserved. Thus, that standard should be applied in determining the sufficiency of the plaintiff's complaint. Finally, the plaintiff states that subparagraphs (a) and (b) of its prayer for relief in the amended complaint should be disregarded. The plaintiff stipulates in its response that its mechanic's lien action proceeds against the real property that was improved and not J&W individually. The plaintiff attached two exhibits to its response: (1) an affidavit by the Kokosing project manager for the Weirton project and (2) a WAPA proclamation describing the project.

In its reply, J&W argues that this Court may not consider the new evidence that the plaintiff included in its response. In support, J&W contends that in its amended complaint, the plaintiff failed to allege that a contract existed between the plaintiff and either of the landowners at the time, Go Green or Center Point. Thus, because the plaintiff has only made the assertion that it was a general contractor acting as a known agent for disclosed principals in its response, its amended complaint must fail. Further, J&W asserts that even if this Court were to consider the evidence provided by the plaintiff in its response, the plaintiff has still failed to show that either Go Green or Center Point were disclosed principals. J&W also argues that the plaintiff has failed to show that it filed the required statutory notice to the landowner because it has pled in its amended complaint that it was

5

a subcontractor for WAPA by: (1) stating that WAPA was the "prime contractor" and (2) pled a contract between WAPA and the plaintiff but not against J&W or any other landowner.

J&W then contends that the plaintiff has failed to plead sufficiently that it complied with the 100-day recording period. J&W asserts that although the plaintiff provided the purchase order with a date of September 20, 2012 and a copy of the recorded notice of the mechanic's lien of March 2013, the plaintiff still failed to provide J&W with the date when the construction at the Weirton property was actually completed.

## III. Applicable Law

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to raise the defense of "failure to state a claim upon which relief can be granted" as a motion in response to a plaintiff's complaint before filing a responsive pleading.

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept the factual allegations contained in the complaint as true. Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Dismissal is appropriate only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'" Id. at 143-44 (quoting Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir.

1969)); see also Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances, as the pleading requirements of Federal Rule of Civil Procedure 8(a)(2) only mandate "a short and plain statement of a claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Still, to survive a motion to dismiss, the complaint must demonstrate the grounds to entitlement to relief with "more than labels and conclusions . . . factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 663-666 (2009).

## IV. Discussion

In order to satisfy the pleading requirements of Federal Rule of Civil Procedure 8, the plaintiff must simply present a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As explained above, this does not mandate that the plaintiff prove its claim at the point of pleading, but only that it present sufficient facts to convince the Court that its claim is "plausible." Twombly, 550 U.S. at 555 (2007).

A. <u>Plaintiff as Subcontractor versus Contractor and Contract Requirement</u>

J&W contends that Kokosing has pleaded that it was a subcontractor and that WAPA was the overall contractor on the Weirton property project. J&W asserts that this is clear by the plaintiff's use of the term "prime contractor" in describing WAPA in the amended complaint. Further, J&W argues that this Court cannot consider the plaintiff's attachments to its response to J&W's motion to dismiss because this Court must only consider what was pleaded in the amended complaint. Finally, J&W argues that Kokosing has not pled that there was a contract between the owners of the property at the time of the Weirton property project and Kokosing which is required by statute.

"[A] court is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." <u>Bosiger v. U.S. Airways</u>, 510 F.3d 442, 450 (4th Cir. 2007) (citing <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 243-44 (4th Cir. 1999)). However, the plaintiff may offer outside information if it is merely seeking to substantiate the plausibility of its claims. <u>James River Mgmt. Co., Inc. v. Kehoe</u>, CIV.A. 3:09CV387, 2009 WL 3874167, *9 (E.D. Va. Nov. 18, 2009). Based on the following, however, this Court finds that it can find that Kokosing was not a subcontractor without considering the attachments to Kokosing's response to the motion to dismiss.

The West Virginia Code provides two different procedures for proper notice of a mechanic's lien depending on whether the person providing notice is a contractor or a sub-contractor. As such, §§ 38-2-1 and 38-2-2 of the West Virginia Code provide definitions of the two as follows:

> [A contractor is] [e]very person, firm or corporation who erects, builds, constructs, alters, removes or repairs any building or other structure, or other improvement appurtenant to any such building or other structure, or who alters or improves the real property whereon the same stands, or to which it may have been removed, or who provides services for any of the foregoing, under and by virtue of a contract with the owner for such erection, building, construction, alteration, removal or repair, either for an agreed lump sum or upon any other basis of settlement and payment.

> [A subcontractor is] [e]very person, firm or corporation who, under and by virtue of a contract with such general contractor as is mentioned in section one of this article, or with a subcontractor for a part of such work, either for an agreed contract price or by day or by piece, or other basis of payment, shall furnish any part of the materials, machinery or other necessary supplies or equipment, or shall perform any labor, do any work or provide any services necessary to the completion of any general contract.

The purchase order submitted by Kokosing in its amended complaint lists Kokosing as a contractor and lists three other entities as subcontractors. ECF No. 8-1. Further, Kokosing indicates in paragraph 1 of the amended complaint that it is a licensed contractor. However, later in the amended complaint Kokosing also states that WAPA acted as the "prime contractor" for the construction that took place on the Weirton property.

Based on West Virginia case law, however, it appears that the term "prime contractor" is not used interchangeably with "general contractor." The West Virginia Supreme Court has routinely described different entities as a "prime contractor," a "general contractor," or a "subcontractor." Preussag Int'l Steel Corp. v. March-Westin Co., 655 S.E.2d 494, 500 (2007) (distinguishing different entities with the terms "prime contractor," "general contractor," "subcontractor," and "materialman"); Farley v. Zapata Coal Corp., 281 S.E.2d 238 (1981) (describing one entity as a prime contractor and a different entity as the general contractor). Thus, it is unclear that Kokosing's use of the term "prime contractor" would automatically put it in the category of a subcontractor. To the contrary, as shown above, it appears that the term "prime contractor" does not itself preclude a finding that Kokosing could have still been a "general contractor" rather than a subcontractor. Thus, the purchase order provided by Kokosing, listing it as a contractor while three other entities were listed as subcontractors, provides sufficient facts to support Kokosing's contention that it is in fact a contractor rather than a subcontractor.

Finally, J&W asserts that Kokosing has failed to plead sufficient facts based on the statute's requirement that the plaintiff must have performed the work "under and by virtue of a contract with the owner . . . ." W. Va. Code § 38-2-1. However,

this Court finds that Kokosing has successfully pled sufficient facts at least as to a relationship between the owners of the property and WAPA, and as to a contract between Kokosing and WAPA.

Clearly, Kokosing has pled that a contract existed between it and WAPA which is not disputed by the parties. ECF No. 8 ¶ 10. However, Kokosing has not specifically pled that a contract existed between WAPA and the previous owners of the Weirton property. At the very least, however, Kokosing has pled that it was working for WAPA as a general contractor and that WAPA was either a prime contractor or a contracting agent. Given that WAPA could have been acting upon the direction of the previous owners as a contracting agent, the facts pled by Kokosing are sufficient. This is a close call, however, and as such, this Court will allow the defendant more time to file a motion for a more definite statement if J&W finds that such a motion is necessary.

B.  <u>Timeliness of Perfection and the Plaintiff's Duty of Notice</u>

Based on this Court's finding above, that Kokosing has sufficiently pleaded that it was a general contractor rather than a subcontractor, Kokosing would be subject to the perfection standards of a general contractor. For the purpose of perfecting and preserving his lien, a general contractor must "within one hundred days after the completion of his work provided for in such contract, cause to be recorded, in the office of the clerk of the

county court of the county wherein such property is situate, a notice of such lien." W. Va. Code § 38-2-8.

J&W argues that the plaintiff has not sufficiently pled that it recorded the lien within 100 days because Kokosing did not state in its amended complaint the project completion date. Kokosing contends that it has done so by providing the purchase order which states that the project time frame was "June 1, 2012 thru December 31, 2012." Thus, Kokosing asserts that by recording its notices of a mechanic's lien on March 14, 2013, which were also attached to the amended complaint, it was within the 100-day time frame and has sufficiently pleaded as such.

Based on the attachments to the amended complaint, Kokosing has sufficiently pled that it recorded its mechanic's lien within the 100 days after completion of its work on the Weirton property. The purchase order attached to the amended complaint states that the project was slated to end by December 31, 2012. Further, the notices of mechanic's lien attached to the amended complaint are dated March 14, 2013 and were filed in Brooke County, West Virginia where the Weirton property is located (as indicated in the plaintiff's amended complaint at paragraph 7). Thus, given the dates provided by Kokosing, Kokosing has sufficiently pled facts to support its assertion that it perfected its mechanic's liens within 100 days of completion of the project.

C.  The Plaintiff's Stipulation

J&W contends that the plaintiff may not seek a personal judgment against it but can only seek enforcement of the mechanic's lien based on the allegations made in the plaintiff's amended complaint. The plaintiff stipulates in its response that its mechanic's lien proceeds against the Weirton property and not against J&W pursuant to West Virginia Code § 38-2-1. J&W does not object to this stipulation nor does it mention the plaintiff's suggested stipulation in its reply. Accordingly, this Court finds that the stipulation may be granted and that sections VI(a) and VI(b) of the amended complaint are dismissed. ECF No. 8, pg. 4.

V.  Conclusion

For the reasons set forth above, the defendant Center Point Terminal J&W, LLC's motion to dismiss the amended complaint is DISMISSED. Further, as stipulated by the plaintiff, subparagraphs (a) and (b) of the prayer for relief in the plaintiff's amended complaint are DISMISSED (ECF No. 8, pg. 4, ¶¶ VI(a) and (b)). Finally, the time to file a motion for a more definite statement is extended. Thus, a party may, if it deems it necessary, file a motion for a more definite statement on or before **March 26, 2014**.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:      March 12, 2014

                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE