IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KOKOSING CONSTRUCTION COMPANY, INC.,
an Ohio corporation,

    Plaintiff,

v.                                                           Civil Action No. 5:13CV129
                                                                      (STAMP)

GO GREEN AMERICAN RECYCLING, LLC
an Ohio limited liability company;
CENTER POINT TERMINAL J&W, LLC,
a Delaware limited liability company;
WEIRTON AREA PORT AUTHORITY, INC.,
a West Virginia corporation;
and CENTER POINT TERMINAL COMPANY, LLC,
a Delaware limited liability company,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING IN PART AND GRANTING IN PART
DEFENDANT CENTER POINT TERMINAL J&W, LLC'S
MOTION FOR LEAVE TO FILE CROSS-CLAIM
AND THIRD-PARTY COMPLAINT AND
SETTING DEADLINE FOR FILING OF CROSS-CLAIM
AND THIRD-PARTY COMPLAINT**

I. Background

This civil action was filed in this Court by the plaintiff, Kokosing Construction Company, Inc. ("Kokosing"). The plaintiff's complaint arises from a contract with the Weirton Area Port Authority, Inc. ("WAPA, Inc."). The amended complaint alleges that WAPA, Inc. failed to pay the plaintiff for work completed on a piece of property in Weirton, West Virginia ("the Weirton property"). Further, the amended complaint asserts that the plaintiff has a mechanic's lien on the property that it can

exercise against Center Point Terminal J&W, LLC ("J&W").  The plaintiff thus asserts three claims in its amended complaint: (1) enforcement of a mechanic's lien, (2) breach of contract by WAPA, Inc. and (3) unjust enrichment of WAPA, Inc.  Thus, the only count that relates to J&W is Count One, enforcement of a mechanic's lien.

Originally, the plaintiff had brought this action against two defendants, Go Green America Recycling, LLC ("Go Green") and Center Point Terminal, LLC ("Center Point").  Go Green and Center Point were the owners of the Weirton property at the time the work was completed by the plaintiff.  However, the plaintiff then filed an amended complaint against three defendants, Center Point, J&W, and WAPA, Inc.  Thus, Go Green was dismissed from the case. Thereafter, the parties filed a joint stipulation dismissing Center Point as a party and also stipulating that: (1) the current owner of the Weirton property is J&W and (2) Center Point was not a necessary party.  Thus, the two remaining defendants in this action are J&W and WAPA, Inc.

J&W has now filed a motion for leave to file a cross-claim against WAPA, Inc. and Go Green, and a third-party complaint against a new party, Weirton Area Port Authority.  Neither WAPA, Inc. nor Kokosing filed a response to the motion.  Based on the analysis that follows, this Court denies in part and grants in part J&W's motion.

II. Discussion

In its proposed cross-claim and third-party complaint, J&W alleges that WAPA, Inc. acted as an agent of Go Green when it was performing the allegedly breach contract and that Go Green and Center Point were aware that work by Kokosing was arranged on their behalf by WAPA, Inc. Further, J&W denies in its proposed pleading that WAPA, Inc. was its agent. Additionally, J&W alleges that Weirton Area Port Authority participated in the alleged wrongdoing either separately or together with WAPA, Inc. Based on these facts, J&W asserts that it is entitled to relief based on theories of common law indemnification and contribution, contractual indemnification and contribution, breach of general warranty deed and fraud in inducement, and slander to title.

A. Request for Leave to File Cross-Claims

Federal Rule of Civil Procedure 13(g) sets forth the requirements that must be met in order for a party to file a cross-claim:

> A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action. The crossclaim may include a claim that the coparty is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.

Initially, this Court finds that the allegations against Go Green and WAPA, Inc. appear to arise out of the transaction or occurrence

that is the subject matter of the original action instituted by Kokosing. Further, WAPA, Inc. is a coparty of J&W. However, Go Green is no longer a coparty as Go Green was terminated from this action after Kokosing filed its amended complaint. Accordingly, a cross-claim may not be brought against Go Green by J&W. Thus, J&W's request for leave to file cross-claims against Go Green and WAPA, Inc. must be denied in part and granted in part.

B. Request for Leave to File a Third-Party Complaint

Pursuant to Federal Rule of Civil Procedure 14(a):

> A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

J&W has sought to file a third-party complaint more than 14 days after serving its original answer. As such, J&W had to seek leave to file the third-party complaint. This Court finds no reason to not grant leave to file a third-party complaint against Weirton Area Port Authority. Accordingly, J&W's request to file a third-party complaint against Weirton Area Port Authority is granted.

## III. Conclusion

For the reasons set forth above, this Court DENIES IN PART and GRANTS IN PART defendant Center Point Terminal J&W, LLC's motion for leave to file cross-claim against Weirton Area Port Authority, Inc. and Go Green American Recycling, Inc. and third-party complaint against Weirton Area Port Authority. Center Point

4

Terminal J&W, LLC may file a cross-claim against Weirton Area Port Authority, Inc. and a third-party complaint against Weirton Area Port Authority.  However, Center Point Terminal J&W, LLC's request for leave to file a cross-claim against Go Green American Recycling, Inc. is denied.

Further, in order to move forward in this action, defendant Center Point Terminal J&W, LLC is DIRECTED to file its cross-claim and third-party complaint by **October 17, 2014**.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    October 3, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE
